## BURLING v. LIGHTE.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. BUILDING CONTRACTS—EVIDENCE—SPECIFICATIONS.
     Where, in an action for extra work in performance of a building contract, defendant introduced plans, etc., which were not the same as those defendant had had, but defendant testified they were the same plans on which plaintiff figured, a motion to strike the plans from the record on the ground that defendant must show the actual plans that went into plaintiff's possession was erroneously granted, since those produced were sufficiently established.

2. SAME.
     Where, in an action for extra work in connection with a building contract, evidence that plans introduced by defendant were the same as those figured on by plaintiff was not controverted, but such plans were erroneously stricken out, the court erred in disregarding evidence that changes made in the work were not due to plaintiff's failure to follow the plans introduced, but that the work was done in accordance with them, where the evidence that the plans were the same was not stricken.

Appeal from municipal court, borough of Brooklyn, Fourth district.

Action by George Burling against Charles Lighte. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Arthur H. Cameron, for appellant.

G. J. Wiederhold, for respondent.

PER CURIAM. This action is brought to recover for work, labor, and services performed in the erection of a certain building owned by the defendant. The contract with the plaintiff was for tinning and galvanized iron work, to be performed agreeably to certain drawings and specifications made by an architect. The plaintiff claims to recover in this action, and the judgment has sustained his claim, for extra work, amounting in all to $190. The extra work consisted in changing a bay window and galvanized iron work on the tower of the building, for which is claimed $100, one bracket, $30, and the remainder of the bill is for labor and materials furnished. The evidence was sufficient from which the court could find that the item of the bracket, $30, was extra service; but as to the other items we are unable, from this record, to separate those for which a recovery might have been had, or to determine whether any recovery ought to have been allowed therefor. The specifications which were offered and received in evidence, and for which the contract provided, so far as they relate to the tower, are as follows:

"The main and store front cornices, on both streets, finial base, tower cornice, well covering, and the entire trim of tower to be made as per elevation of No. 26 galv. iron, shaped and ornamented as per design and detail, well riveted and soldered, braced with wrought iron every 6 ft., and anchored to the roofs and walls. All ornaments to be stamped or spun, and flat surfaces to be crimped or fine corrugated."

It does not appear from the proof upon the part of the plaintiff whether the change from the details and drawings which was claimed to have been made in the bay window, assuming such change was ordered, required any more galvanized iron, or made the work more expensive. The only proof in this regard is that the plaintiff had put up some galvanized iron which he was required to take down, and the defendant promised to pay him therefor. The whole is embraced in the one item of the change in the bay window. The defendant denied plaintiff's testimony in this regard, and, if this were all there was in the case, it would constitute a conflict of testimony upon which the court might find the whole item. But the defendant produced upon the trial the detailed plans and drawings, and testified that, while they were not the plans and details which the plaintiff had, yet they were the same thing upon which the plaintiff figured, and that they showed the work to be done as it was subsequently performed, and that the change was on account of the plaintiff not following the details and plans. The architect was also called, and he testified that the details and plans were the same as those upon which the plaintiff had figured, and they were then offered and received in evidence. Upon suggestion by the court that the defendant must show the actual plans which went into the possession of the plaintiff, motion was made to strike them from the record, which was granted, no objection being made by the defendant thereto. This motion

ought not to have been granted, for the plans produced, while not those which actually went into the hands of the plaintiff, it was testified without objection were the same as those delivered to the plaintiff; and, as such plans and details are made in duplicate, those produced were sufficiently established to form a basis from which to determine the rights of the parties. In addition thereto, it must be assumed that the plaintiff was in possession of the details and plans upon which he figured, and could have produced them upon the trial. If these plans and details show that the work as finally completed was not other or different than that for which they provided, then no basis would exist upon which to found a claim for extra work. Although the plans were stricken out, yet the testimony remained in the case that they were the same as those upon which the plaintiff figured, and that no departure therefrom had been made. The plaintiff, when questioned upon this subject, refused to testify that they were not like the plans which were delivered to him. As the proof stood, it was undisputed that the plans offered were the same, and that they showed no change, as none of the oral testimony which accompanied the plans was stricken from the record. It is evident, however, that the court disregarded the whole of this testimony when he excluded the plans, as the ruling was, in effect, to say that nothing in connection with what the plans showed was before him. It is therefore clear that error was committed in this regard, for upon the record as it stood the plaintiff was entitled to have this testimony considered, and, if it had been so considered, the conclusion might have been reached that there was no basis for recovery. In view of the impossibility of making severance of the amount which the plaintiff is entitled to recover, if anything, from that for which he may not be entitled to recover, we think the whole matter should be remitted to the court for another trial; and, in view of the error, as above suggested, this conclusion may be reached. It follows that the judgment should be reversed, and a new trial ordered.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event.